IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

RANDY MARSH, ET AL..                                                                   PLAINTIFFS

vs.                                        CASE NO. 2:05CV00097GH

YAMAHA MOTOR CORPORATION, U.S.A.,
ET AL.                                                                                         DEFENDANTS

# ORDER

Pending before the Court is plaintiffs' motion to remand. Plaintiffs filed the complaint on July 26, 2004, in Woodruff County, Arkansas circuit court, seeking damage for injuries incurred by Matthew C. Marsh in a boating incident. Marsh contends that he was injured when his chest came in contact with the flywheel of a Yamaha boat motor. The complaint seeks damages for past and future medical experiences, for permanent partial impairment, for past and future pain and suffering, past and future mental anguish, loss of ability to earn in the future, scars, disfigurement, and other visible results of the injury, and other damages. Plaintiffs seek damages in the amount of $72,000.00, such prayer for damages being less than the minimum requirement for federal court jurisdiction.

Defendant Yamaha Motor Corporation, U.S.A. removed this action on April 27, 2005, on the basis of diversity jurisdiction. In the removal notice, defendant states that on March 26, 2005, defendant served its first set of requests for admission to plaintiffs. In the requests, defendant asked plaintiffs to admit that the total of all damages claimed did not exceed $75,000, that the total of plaintiffs' claimed damages is less than $75,000 and that under no circumstances could plaintiffs' claimed damages exceed $75,000. Plaintiffs did not admit or deny the requests, but filed objections and a motion for protective order, seeking to avoid directly responding to the requests. Defendant contends that in light of plaintiffs' refusal to admit that

their damages are less than $75,000 "as well as the overall frivolous nature of Plaintiffs' objections and motion for protective order, it is clear that Plaintiffs are in actuality seeking damages in excess of $75.000.00. . . " (para. 6, Notice of Removal).

Where the complaint alleges less than the jurisdictional minimum for diversity jurisdiction, the removing party must prove by a preponderance of the evidence that the amount exceeds $75,000.  *In re Minnesota Mut. Life Ins. Co. Sales Practices Litig.*, 346 F. 3d 830, 834 (8th Cir. 2003). "'The complaint will be dismissed if it appears to a legal certainty that the value of the claim is actually less than the required amount.'" *Id.* (quoting *Trimble v. Asarco, Inc.*, 232 F. 3d 946, 959 (8th Cir. 2000)).  "Plaintiff is generally regarded as the master of his or her complaint and can therefore bar removal if the complaint pleads damages in a specific amount less than the jurisdictional requisite for removal based on diversity of citizenship. Under such circumstances, the case should be remanded unless the defendant can prove to a "legal certainty "that plaintiff's claim must exceed" $75,000.  *Gilmer v. Walt Disney Co.*, 915 F. Supp. 1001, 1005 (W. D. Ark. 1996). "The plaintiff's claim, when it is specific and contained in a pleading signed by the lawyer deserves deference and a presumption of truth. In such cases, the court assumes that plaintiff's counsel best knows the value of his client's case and that counsel is engaged in no deception. The court also presumes that plaintiff's counsel understands that, because federal removal jurisdiction is in part determined by the amount of damages a plaintiff seeks, the counsel's choices and representations about damages have important legal consequences and, therefore, raise significant ethical implications for a court officer *Id.* at 1007 n. 4 (citations and internal quotation marks omitted).

Defendant does not ask the Court to determine from the face of the complaint that the amount exceeds $75,000.[1]  Rather, it relies on plaintiffs' refusal to answer

---

[1] It would appear, from the face of the complaint, that "the damages sought by [plaintiffs] appear to make a recovery in excess of $75,000 more likely than not." *Haynes v. Louisville Ladder Group, LLC*, 341 F. Supp. 2d 1064, 1068-69 (E.D. Ark. 2004).  Defendant, however, was not offered any evidence, such as responses to discovery requests, or damage recoveries in similar cases, to support that the recovery sought is more likely in excess of $75,000.  Furthermore, defendant did

-2-

the requests for admission. Defendant, however, has not offered any support to its assertion that plaintiffs' failure to admit or deny should be deemed an admission that the amount in controversy exceeds $75,000

It appears that plaintiffs interposed rather frivolous objections to the requests for admission. To the very specific requests, plaintiffs stated that the requests are vague and ambiguous, outside the scope of Rule 26(b), not related to statements or opinions of fact or the application of the law to fact as required by Rule 36(a), incomprehensible and incapable of being answered, overly broad, call for speculation or mere conclusions, not relevant, that they fail to provide sufficient facts to permit foundation of a proper answer, that the terms used in the requests are undefined, and that they fail to provide enough facts to permit the formulation of a proper answer. There is a real question as to whether any of these objections can be considered to be made in good faith. Nevertheless, in the absence of any other evidence in support of defendant's position, the Court cannot speculate that plaintiffs actually seek more than $75,000. " Having the Court presume that this case involves potential damages exceeding $75,000.00 without offering one shred of evidence regarding potential damages would be nothing more than speculation on the part of defendant (and the Court). Speculation and belief that plaintiff's damages exceed $75,000.00 are insufficient to meet the defendant's burden of proof under both the "preponderance of evidence standard" and the "legal certainty" standard. Both standards require some specific facts or evidence demonstrating that the jurisdictional amount has been met and defendant has failed to provide such facts or evidence". *Hill v. Ford Motor Co.,* 324 F. Supp. 2d 1028, 1036 (E. D. Mo. 2004). *See also Adams v. Bank of America, N.A.,* 317 F. Supp. 2d 935, 942 (S. D. Iowa 2004) (complaint alleging wrongful death claim and punitive damages not sufficient to establish amount in controversy greater than $75,000)

Accordingly, the motion to remand is granted. The case is remanded to the

---

not seek to remove within thirty days after receipt of the complaint. *See* 28 U.S.C. § 1446(a).

Woodruff County, Arkansas circuit court.

    IT IS SO ORDERED this 23rd day of August, 2005.

                                                          */s/ George Howard, Jr.*
                                       UNITED STATES DISTRICT JUDGE